31 C.C.P.A. (Patents)

## In re HARGREAVES.

### Patent Appeals No. 4797.

Court of Customs and Patent Appeals.

Dec. 7, 1943.

George Ramsey, of New York City (John J. Darby, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting the single claim (claim 3) in appellant's application for a patent for an alleged invention relating to improvements in elastic garment bands, such as waist bands.

The appealed claim reads: "3. A garment band comprising a flat strip of sheet rubber, a sheath for said flat strip of sheet rubber, said sheath being formed of a strip of stretchable textile fabric having edge portions folded around said flat strip of sheet rubber to substantially enclose said strip of rubber and to form hems adjacent each edge thereof and with the edges of the hems approaching each other without overlapping, a garment formed of textile material to which said band is permanently attached by stitching, the upper edge of the garment material having a hem folded inwardly adjacent the upper hem on said stretchable textile fabric and being in contact with the said hem of the sheath, a plurality of rows of stitches extending longitudinally of said sheath and passing through said flat strip of rubber and said sheath and forming longitudinally extending cushions in the stretchable textile fabric on the inner side of said sheath and between the rows of stitches while said strip of rubber remains substantially flat; said strip of rubber, said garment material and each hem on said sheath being sewn through by a plurality of said rows of stitches whereby each of said rows of stitches passes through four layers of material, and one row of stitches also passing through the hem on the garment material."

The references are: Hardie et al., 2,059,-103, Oct. 27, 1936; Scheitlin (British), 477,062, Dec. 21, 1937.

As will be observed from the quoted claim, appellant's garment band comprises a flat strip of sheet rubber substantially enclosed in a sheath of stretchable textile fabric the edge portions of which are folded around the rubber strip to form hems adjacent each edge. The edges of the hems approach each other without overlapping. The upper edge of the garment material is folded inwardly forming a hem which is adjacent to, and in contact with, the upper hem of the elastic fabric or sheath. The band thus formed is permanently attached to a garment by a plurality of rows of stitching which extend longitudinally of the garment band and pass through four layers of material (one layer of the garment material, two layers of the elastic fabric, that is, the outer surface of the fabric and the portion folded inwardly to form the hem, and the rubber band), and a row of stitching at the upper edge of the garment which passes through an additional layer of garment material (the

hem that has been folded inwardly). Longitudinally extending cushions are formed on the inner side of the *sheath* between the rows of stitching.

The patent to Hardie et al. (appellant being one of the patentees) relates to elastic garment bands, and discloses a band comprising a strip of rubber partly enclosed in a sheath of elastic fabric. The sheath covers one side of the rubber strip forming the inner surface of the band, and is folded around the longitudinal edges of the strip to form narrow hems. The band is attached to the garment by two rows of stitching which pass through the upper and lower hems.

The patent to Scheitlin discloses an elastic garment band comprising a flat rubber strip enclosed or enveloped within an elastic sheath. The sheath is not folded around the rubber strip, but apparently is in tubular form. The rubber and the sheath forming the band are attached to the garment by "common seams along both longitudinal edges" in such manner that that portion of the *garment* to which the band is attached is ruffled or pleated when the band is in an unstretched condition. In addition to the two seams along the marginal edges, the patentee states that there may be three intermediate seams extending parallel therewith. It is also stated in the patent that the rubber strip is arched between the marginal seams, and that the sheath bears smoothly against the rubber strip. The patentee further states that "By the arched rubber strip there is formed a cushion which gives a smooth yielding support of the band or garment on the body both with the rubber strip highly stretched and with the rubber strip feebly stretched." In an alternative form of the invention, the patentee states that the sheath completely covers but one side of the rubber strip (the inner side of the band), and that the sheath is made of such width that it can be folded about the two longitudinal edges of the rubber strip. As thus folded, narrow hems are formed along the longitudinal edges of the band. In Fig. 3 of the patent, the patentee discloses the upper edge of the garment having a hem folded inwardly and in contact with the upper edge of the covering of the rubber strip.

The appealed claim was rejected by the tribunals of the Patent Office on the patent to Scheitlin in view of the patent to Hardie et al., the Primary Examiner being of opinion that it would not involve invention "to make the inner ends of the casing or sheath of Scheitlin * * * of a width less than one half the width of the casing in view of Hardie et al."

In affirming the decision of the Primary Examiner rejecting the appealed claim, the Board of Appeals, among other things, said: "On comparison of the terms of the claim with the showing of the citations, it appears that the features of the claim apply fairly to Scheitlin's elastic band and garment structure with the exception that the inner ply of the covering of Scheitlin completely covers the inner face of the elastic element rather than being of less width as shown by applicant. However this feature is shown by Hardie et al. and it seems possibly even within the terms of the claim as 'without overlapping' upon Scheitlin's showing. If the edges of the fabric merely abut as seems indicated by Sheitlin [Scheitlin], they would not overlap. However, this is regarded as merely a matter of choice in degree within the skill of those working in the art. The same is true in respect to the employment of a hem in this particular combination. Scheitlin also even shows a hem in Fig. 3 on the edge of the garment fabric as well as Hardie et al. The requirements of the claim in respect to a plurality of rows of stitches and four layers of fabric are true of the structure of Scheitlin."

It will be observed that both tribunals of the Patent Office relied upon the patent to Hardie et al. as showing a garment band in which the sheath covered the inner surface of the band and was folded over the marginal edges of the rubber strip forming narrow hems, and, accordingly, held that, in view of that patent, it would not involve invention to extend those hems so that they approached each other without overlapping. So far as that particular feature is concerned, the Hardie et al. patent discloses nothing not disclosed in the Scheitlin patent.

It is stated in the decision of the board, as we understand it, that the sheath which completely encloses the rubber strip disclosed in one form of the Scheitlin patent is so constructed that the edges thereof merely abut and do not overlap. From all that is disclosed in the Scheitlin patent, we think that view of the board is based upon pure conjecture. There is nothing in the patent to indicate how the Scheitlin sheath is formed, although it does appear that it is

so constructed as to make a complete enclosure for the rubber strip.

In the alternative form of the invention disclosed in the Scheitlin patent the sheath covers but one side of the rubber strip (the inner side of the band), and is merely folded over the marginal edges of the rubber strip to form narrow hems. In that construction, at least one and probably two of the intermediate rows of stitching pass through but three layers of material. They do not, as in appellant's structure, pass through that portion of the sheath which is folded over the edges of the rubber strip.

The garment band defined by the appealed claim also differs from the bands disclosed in the references in that the rows of stitching in appellant's structure form "longitudinally extending cushions in the *stretchable textile fabric* on the inner side of said sheath and between the rows of stitches while said strip of rubber remains substantially flat," which cushions, it is said in appellant's application, "contribute to the very soft and comfortable action of the garment band." (Italics ours.) Furthermore, the rubber strip in the Scheitlin patent is arched, whereas in appellant's structure it remains substantially flat.

It appears from the record that both the Hardie et al. and Scheitlin bands were not satisfactory because, when stretched, the edges of the bands turned or rolled outwardly, thus producing an unsightly band and one uncomfortable to the wearer. On the other hand, according to the record, appellant's band, because of the even thickness of the material and the stitching which produce a balance of forces or stresses on each side of the rubber strip, does not turn or roll outwardly when in use and stretched but remains flat.

So far as the structure of appellant's garment band is concerned, the improvement over the disclosures in the references of record may seem to be slight. Nevertheless, we are of opinion that substantial and unobvious improved results were obtained by appellant's structure. We hold, therefore, that the structure defined by the appealed claim involves invention. Accordingly, the decision of the Board of Appeals is reversed.

Reversed.